**KENNEDY v. NATHANS.**

**In re CHANDLER et al.**

**No. 4181.**

Circuit Court of Appeals, Third Circuit.

Aug. 7, 1930.

Geo. H. Detweiler and Albert L. Moise, both of Philadelphia, Pa., for appellant.

J. Howard Reber and Reber, Granger & Montgomery, all of Philadelphia, Pa., for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

The plaintiff, D. J. Kennedy, petitioned John M. Hill, referee in bankruptcy, for an award to him of an accounting fee collected from claimants in a bank reclamation. The referee refused the petition, and his order of refusal was confirmed by the District Court, from whose decision this appeal has been taken.

Chandler Bros. & Co., stockbrokers, were adjudicated bankrupts August 17, 1921, and immediately on petition filed July 26, 1921, the case was referred to the referee, and on October 25, 1921, a trustee was elected. The company conducted a general brokerage business in Philadelphia and at the time of the bankruptcy large quantities of securities belonging to numerous customers had been deposited by the company with different banks for loans made by the company. These customers had certain rights in their respective securities so deposited as collateral, but they were not in possession of the facts necessary to enable them to prosecute their claims. The trustee in bankruptcy rented an office and placed therein a clerical force consisting of a manager, clerk, stenographer, and an expert accountant for the purpose of furnishing such customers with the data necessary to enable them to establish their respective rights. Through the information furnished by the trustee and his clerical force a number of reclamation petitions were filed by customers claiming special rights in certain securities.

On April 7, 1922, the United States District Court appointed John M. Hill, referee, as special master to hear all such reclamation petitions and to determine the rights of the respective parties thereto and to determine the costs of such reclamation proceedings and against whom the same were to be charged. For many months the trustee, through his employees, furnished to approximately 160 reclamation claimants information necessary to establish their respective rights, and, at the hearing before the special master, the trustee and his office force testified in detail.

Finally the special master prepared his report on the reclamation proceedings, and, after due notice to all creditors, filed the same in the United States District Court on July 24, 1924, which was finally confirmed on September 15, 1924.

In the report, a charge for the expenses of the reclamation proceedings was made on the basis of 10 per cent. to all successful reclamation claimants, and this sum was deducted in the remittance to successful reclamation claimants. The decree appointing the special master authorized him to make such charge to reimburse the bankrupt estate for its expenses in connection therewith. The amount so deducted to cover costs amounted to approximately $15,800, which sum D. J. Kennedy claims should be awarded to him on the grounds that he and the other clerks in the trustee's office did the accounting work.

Kennedy was first employed by the trustee at a salary of $51.92 per week, which was

later increased to $65 per week, and he and all the office employees received their fixed salaries during the entire term of their employment, and no promise or agreement was ever made by the trustee or any other person that these employees were to receive any additional compensation, and no request or intimation for additional compensation was ever made by any of the employees until the special master's report had been confirmed by the court and until D. J. Kennedy was discharged by the trustee.

A large proportion of the time of these employees was consumed in furnishing the data relative to these reclamation proceedings, and, had it not been for these proceedings, the services of the employees would have terminated at a much earlier date. When the special master, under the reclamation proceedings endeavored to ascertain what would be a fair charge against the successful reclamation claimants to cover the costs of the trustee in connection with the reclamation claimants, the appellant, Kennedy, was requested to make an analysis of the expenses and furnish the same to the referee as a guide. Kennedy thereupon prepared such an analysis and submitted it in writing, wherein it was shown that the expenses of the trustee in the reclamation proceedings were approximately $15,000, and he stated that 80 per cent. of all the time of the employees was consumed in connection with the reclamation proceedings. Upon Kennedy's statement, the referee fixed a charge to the successful reclamation claimants of approximately $15,800, which was paid into the bankrupt estate to reimburse it for the moneys that the bankrupt estate had expended in connection with the reclamation proceedings.

From the above facts, the question arises whether Kennedy, employed to perform general clerical services in accounting for the bankrupt estate in connection with these reclamation proceedings, who has been paid the compensation agreed upon for said services, is entitled to have additional compensation for the same services, in the absence of any evidence to show that there was an agreement, express or implied, for the payment of additional compensation.

The estate maintained as part of its administrative organization a corps of accountants, among whom was the claimant, Kennedy. All the members of the corps were on the pay roll of the estate receiving compensation. The work which Kennedy did in aid of the suits was work for the estate and for which he was compensated by his salary, which had been fixed by an agreement with him. The estate was put to expense in maintaining its accounting force. The plaintiffs in the suit brought made use of the work of these accountants. The parties considered it just to make some recompense to the estate. This was provided for in the fund paid. It was a voluntary payment, and became part of the assets of the bankrupt estate, to be distributed as such. No one has any claim upon it unless as a distributee or a creditor of the estate. The claimant, Kennedy, must show a valid claim against the estate for services rendered to it. This he has not done and he has already been paid for all the services which he rendered. In other words, the plaintiff, Kennedy, was employed by the trustee to do clerical work and accounting for a compensation agreed upon. For the services performed, he has been fully compensated, in accordance with the agreement. No further compensation can be made to him, and his claim must therefore be dismissed.

Finding no error in the opinion and order of the court below, its judgment is affirmed.